## Dilworth v. Nicola, Appellant.

*Equity—Conveyance—Assignment—Sale.*

Where a person purchases a share of a one-half interest in the profits of a real estate transaction, and receives as his only evidence of interest therein a receipt for the money, he may compel the vendor by a bill in equity to execute a formal assignment of the share, and it is no answer to such a bill that there could be no severance of interests until the transaction was closed at the end of twenty-five years thereafter.

Argued Oct. 23, 1905.   Appeal, No. 4, Oct. T., 1905, by defendant, from decree of C. P. No. 3, Allegheny Co., Feb. T., 1904, No. 115, on bill in equity in case of H. P. Dilworth v. Frank F. Nicola.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Bill in equity to compel the assignment of an interest in a real estate transaction.   Before McCLUNG, J.

The facts are stated in the opinion of the Supreme Court.

*Errors assigned* was the decree of the court.

*William Scott,* of *Dalzell, Scott & Gordon,* with him *Wm. M. Hall,* for appellant.—In cases of a joint purchase where each purchaser is to have an interest in the purchase in proportion to his advances, parol evidence is admissible to establish the trust as well as to rebut, control or vary it: Jenkins v. Eldredge, 3 Story, 181.

An interest in contingent profits arising from a sale of real estate to be made thereafter, does not amount to an interest in the land itself, within the meaning of the statute of frauds : Benjamin v. Zell, 100 Pa. 33 ; Howell v. Kelly, 149 Pa. 473.

*A. M. Imbrie,* with him *J. S.* and *E. G. Ferguson,* for appellee.—An equitable assignment is an agreement in the nature of a declaration of trust which a chancellor, though deaf to the prayer of a volunteer, never hesitates to execute when it has been made on a valuable or even good consideration : Nesmith v. Drum, 8 W. & S. 9; Moeser v. Schneider, 158 Pa. 412.

The form of assignment is immaterial, so that there be a clearly expressed intention of an immediate transfer of a right to the assignee : Ruple v. Bindley, 91 Pa. 296; Guthrie & Byles's App., 92 Pa. 269.

Equity will support assignment of contingent interests and expectancies, that is, things which have no present actual existence, but rest in mere possibilities, provided the agreements are fairly entered into and it would not be against public policy to uphold them : Day & Sharpe's Assigned Estate, 21 Pa. Superior Ct. 118, (122).

A court in equity enforces assignments on the ground that the assignee is entitled to have immediate specific performance of the contract to assign, as soon as the property comes into existence in the hands of the assignor : Bispham's Equity, sec. 162 et seq.; Philadelphia, etc., R. R. Co. v. Woelpper, 64 Pa. 366.

OPINION BY MR. JUSTICE ELKIN, January 2, 1906 :

On August 2, 1901, the appellant entered into an agreement with Mary E. Schenley for the purchase of certain property located in the city of Pittsburg, for the sum of $2,000,000, payable $100,000 in cash on signing the agreement and the balance on April 1, 1902. The appellee paid one-tenth of the hand money and took from appellant a receipt in the following language :

"Received of H. P. Dilworth $10,000 being the tenth of hand money stipulated in agreement with Mary E. Schenley dated August 2, 1901 and being in payment of one tenth interest in said agreement."

On August 17, following, the appellant sold and afterwards transferred the Schenley agreement to H. C. Frick, who agreed to perform the covenants thereof, take title to the property, refund all moneys expended by the appellant, including the $100,000 advanced, and, upon the final sale of the property, whatever money Frick had advanced to be repaid together with interest thereon, and the balance was to be equally divided between the two parties. Frick subsequently entered into an agreement with the Pennsylvania Railroad Company to sell and convey said property for the sum of $2,850,000, to be paid on or before July 1, 1927, prior to which date the railroad company agreed to pay an annual rental of $99,750. At the time the agreement between Nicola and Frick was made, the interest of Dilworth in the transaction was not disclosed. It is, however, not denied that he is entitled to a one-tenth interest of Nicola in said transaction. The only evidence he has of his interest therein is the receipt above mentioned. This bill was filed in the court below asking for a decree requiring the defendant to execute and deliver to plaintiff a formal assignment of a tenth of his interest in the Frick agreement.

Upon a hearing of the case, the court below held that he was entitled to the relief prayed for, and entered a decree requiring the assignment to be made. If it is the subject-matter of equitable jurisdiction, and of this there seems to be no doubt, the decree was properly entered. The appellant admits that the appellee is entitled to a one-tenth interest in the agreement, but contends that he cannot have it severed and set apart until the transaction is finally closed in 1927. We do not agree with this contention. If Dilworth has a tenth interest in the agreement he is entitled to have some evidence of that interest at the present time. It would be inequitable and unjust that he should be compelled to wait until the final payments are made, twenty-five years in the future, before he has anything but the receipt to show his interest therein.

It is argued that the provisions of the agreement with Frick are such as to make it impossible that there should be a severance of interests. This contention is without merit. The interest of Mr. Frick in the agreement is not affected by the rights and liabilities of the parties to this suit. Under the agreement, Mr. Frick is authorized to collect the annual ren-

tals from the Pennsylvania Railroad Company and apply them to the interest and advances made by him until July 1, 1927, at which time he is to collect the purchase money and after reimbursing himself for his expenditures and advances, he is to divide the remainder thereof between himself and Nicola. Dilworth assented to and is bound by that agreement, and is only entitled to receive a tenth of the profits which accrue to Nicola under the terms thereof. How, then, can Frick be injured by the interest that Dilworth has in the transaction? At all events, Frick is entitled to one-half, Nicola to nine-twentieths, and Dilworth to one-twentieth, of the profits. Then again, the agreement provides that it is to be considered as if made between the parties, their heirs, executors, administrators and assigns. It thus appears in the express language of the agreement itself that it is to apply to the assigns thereof.

How, then, can Nicola be heard to say that Dilworth is not entitled to have a decree by a court of equity directing an assignment to be made of the interest which it is admitted he has in the transaction?

Decree affirmed at the cost of the appellant.